NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 7 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GLENN DAVID O'NEAL,<br><br>                Plaintiff-Appellant,<br><br>    v.<br><br>SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT; SMITH, Deputy,<br><br>                Defendants-Appellees. | No.    16-55809<br><br>D.C. No. 5:11-cv-00803-DDP-FFM<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted March 5, 2018**

Before:   THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges.

California state prisoner Glenn David O'Neal appeals pro se from the district

court's dismissal order and summary judgment in his 42 U.S.C. § 1983 action

alleging excessive force and access-to-courts claims arising from his pretrial

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

detention. We have jurisdiction under 28 U.S.C. § 1291. We review de novo.

*Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013) (summary judgment); *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010) (dismissal under Fed. R. Civ. P. 12(b)(6)). We affirm.

The district court properly granted summary judgment on O'Neal's excessive force claim against defendant Smith because O'Neal failed to raise a genuine dispute of material fact as to whether Smith's actions were objectively unreasonable under the circumstances. *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) (setting forth standard for an excessive force claim under the Fourteenth Amendment).

The district court properly dismissed O'Neal's access-to-courts claim against defendant San Bernardino County Sheriff's Department because O'Neal failed to allege facts sufficient to show actual injury to a nonfrivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 349-53 (1996) (setting forth elements of an access-to-courts claim and actual injury requirement); *Simmons v. Sacramento Cty. Superior Court*, 318 F.3d 1156, 1160 (9th Cir. 2003) (discussing standard for restrictions placed on pretrial detainees).

We do not consider arguments and allegations raised for the first time on

appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**